# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DALRICK HENRY,

                Plaintiff,

   v.

E. CHAPA,

                Defendant.

_____/

CASE NO. 1:07-cv-00336-LJO-SMS PC

ORDER REQUIRING PLAINTIFF TO EITHER
FILE AMENDED COMPLAINT OR NOTIFY
COURT OF WILLINGNESS TO PROCEED
ONLY ON EIGHTH AMENDMENT CLAIM

(Doc. 1)

I.     Screening Order

     A.     Screening Requirement

     Plaintiff Dalrick Henry ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law.  Defendant E. Chapa ("defendant") removed the action to this court from Kings County Superior Court on March 1, 2007.

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

1

1   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

2   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

3   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

4   the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

5   the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

6   the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

7   353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

8   Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

9   opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

10  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

11  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

12  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

13  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

14  266, 268 (9th Cir. 1982)).

15          B.      Plaintiff's Claims

16          Plaintiff is an inmate currently housed at Avenal State Prison ("ASP").  Plaintiff alleges that

17  on June 29, 2006, defendant Chapa, a correctional officer at ASP, violated his rights under federal

18  and state law by calling him a snitch in front of other inmates.  Plaintiff is seeking money damages

19  and equitable relief.

20                  1.      First Amendment

21          Although plaintiff alleges a claim for relief for violation of his rights under the First

22  Amendment, it is unclear under what theory plaintiff is proceeding. The court cannot envision what

23  First Amendment claim plaintiff is attempting to pursue against defendant arising from defendant's

24  allegedly defamatory statement.

25                  2.      Eighth Amendment

26          Plaintiff alleges that defendant endangered his safety by calling him a snitch in front of other

27  inmates, thereby making him a potential target of violence by other inmates.  To constitute cruel and

28  unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the

1  wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).

2  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with

3  food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id.</u>; <u>Toussaint v. McCarthy</u>, 801

4  F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison

5  officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Hoptowit</u>, 682

6  F.2d at 1250 (9th Cir. 1982); <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). To establish a violation

7  of this duty, the inmate must establish that prison officials were deliberately indifferent to a

8  substantial risk of serious harm to the inmates's safety. <u>Farmer</u>, 511 U.S. at 834. The deliberate

9  indifference standard involves an objective and a subjective prong. First, the alleged deprivation

10 must be, in objective terms, "sufficiently serious . . . ." <u>Farmer</u> at 834 (citing <u>Wilson v. Seiter</u>, 501

11 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk

12 to inmate health or safety." <u>Id.</u> at 837.

13       In light of notice pleading standards, plaintiff's allegation is sufficient to state a claim under

14 section 1983 for violation of the Eighth Amendment. <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200

15 (2007). However, because plaintiff did not sustain any physical injury, he may not pursue a claim

16 for relief based on mental or emotional damage. 42 U.S.C. § 1997e(e); <u>Oliver v. Keller</u>, 289 F.3d

17 623, 630 (9th Cir. 2002).

18              3.    <u>Fourteenth Amendment</u>

19       Plaintiff alleges a claim for relief for violation of the Fourteenth Amendment. Again, it is

20 unclear which right under the Fourteenth Amendment plaintiff believes defendant violated.

21 "[R]eputational harm alone does not suffice for a constitutional claim." <u>Miller v. California</u>, 355

22 F.3d 1172, 1178 (9th Cir. 2004) (citing <u>Paul v. Davis</u>, 424 U.S. 693, 702 (1976)). Thus, the

23 allegation of defamation does not give rise to a claim for relief under section 1983.

24              4.    <u>Claims for Equitable Relief</u>

25       "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold

26 requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

27 <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

28 <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough."

1   Lyons, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must show that he has sustained or is

2   immediately in danger of sustaining some direct injury as the result of the challenged official conduct

3   and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."

4   Id. (internal quotations and citations omitted).  "The key issue is whether the plaintiff is 'likely to

5   suffer future injury.'"  Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).  When a government

6   agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal

7   affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S.

8   362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations

9   are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128.  "[A]ny

10  injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of

11  proceeding.'"  Id. at 1128 (quoting  O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679

12  (1974)).

13          In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

14  which provides in relevant part, "Prospective relief in any civil action with respect to prison

15  conditions shall extend no further than necessary to correct the violation of the Federal right of a

16  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

17  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

18  violation of the Federal right, and is the least intrusive means necessary to correct the violation of

19  the Federal right."  18 U.S.C. § 3626(a)(1)(A).

20          There is an actual case or controversy before this court with respect to plaintiff's section 1983

21  claim for money damages arising out of defendant's alleged past statement endangering plaintiff's

22  safety.  However, equitable remedies are "unavailable absent a showing of irreparable injury, a

23  requirement that cannot be met where there is no showing of any real or immediate threat that the

24  plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'"

25  Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679).  In this instance, it is the past

26  conduct of defendant which gives rise to plaintiff's claim for relief, and should plaintiff prevail,

27  plaintiff's injury will not go unrecompensed because plaintiff has an adequate remedy at law.  Id.

28  Therefore, this action should proceed as one for money damages only.

5.    <u>State Law Tort Claims for Negligence and Defamation</u>[1]

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2007). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1203 (9th Cir. 2003).

"Defamation is an invasion of the interest in reputation." <u>Gilbert v. Sykes</u>, 147 Cal.App.4th 13, 27, 53 Cal.Rptr.3d 752, 764 (2007) (internal quotations and citation omitted). Under California law, "[t]he tort of defamation in involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or causes special damages." <u>Taus v. Loftus</u>, 40 Cal.4th 683, 720, 151 P.3d 1185, 1209 (2007) (internal quotations and citation omitted).

In order for plaintiff to pursue any tort claim for damages under California law, plaintiff must comply with the California Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. <u>State v. Superior Court of Kings County (Bodde)</u>, 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. <u>State v. Superior Court</u>, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not alleged compliance with the Tort Claims Act. Accordingly, plaintiff fails to state a claim under California law for negligence or defamation.

///

///

---

[1] Plaintiff alleges negligence, defamation, libel, slander, and malice. Libel and slander are forms of defamation, and "malice" is not an individually recognized tort. Therefore, the court addresses only plaintiff's tort claims for negligence and defamation.

C.      Conclusion

The court finds that plaintiff's complaint states a cognizable claim for relief against defendant Chapa under section 1983 for violation of the Eighth Amendment, but does not  state any other claims upon which relief may be granted.  The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendant Chapa on his Eighth Amendment claim, plaintiff may so notify the court in writing.  The court will then issue Findings and Recommendations recommending that the remaining claims be dismissed from this action, and will direct defendant to file a response to the complaint.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, plaintiff must either:

a.      File an amended complaint curing the deficiencies identified by the court in this order, or

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

            b.      Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Chapa on his Eighth Amendment claim; and

    3.      If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **June 18, 2007**                        **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE