# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRICK HENRY, | CASE NO. 1:07-cv-00336-LJO-SMS PC |
| Plaintiff, | FINDING AND RECOMMENDATION FOR DISMISSAL OF EQUITABLE RELIEF CLAIMS |
| v. | |
| E. CHAPA, | (Doc. 10) |
| Defendant. | OBJECTION DUE WITHIN THIRTY DAYS |

**Finding and Recommendation Following Screening of Amended Complaint**

Plaintiff Dalrick Henry ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law. Defendant E. Chapa ("Defendant") removed the action to this Court from Kings County Superior Court on March 1, 2007. On June 19, 2007, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and ordered Plaintiff to either file an amended complaint or notify the Court that he was willing to proceed only on his cognizable Eighth Amendment claim. On July 10, 2007, Plaintiff filed an amended complaint.

The Court has reviewed the amended complaint and in a separate order, found that this action may proceed on the amended complaint against Defendant on Plaintiff's Eighth Amendment and state law negligence and defamation claims, and ordered Defendant to file a response. In addition to money damages, Plaintiff seeks a declaration that his rights were violated and an injunction prohibiting Defendant and other prison staff members from retaliating against him. In its first screening order, the Court stated as follows:

///

1

> "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).
>
> In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).
>
> There is an actual case or controversy before this court with respect to plaintiff's section 1983 claim for money damages arising out of defendant's alleged past statement endangering plaintiff's safety. However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of defendant which gives rise to plaintiff's claim for relief, and should plaintiff prevail, plaintiff's injury will not go unrecompensed because plaintiff has an adequate remedy at law. Id. Therefore, this action should proceed as one for money damages only.

(Doc. 8, 3:25-4:28.)

Despite this admonition, Plaintiff reasserted his claims for equitable relief in his amended complaint. Plaintiff's claim against Defendant arises from an incident on June 29, 2006, during which Defendant called Plaintiff a snitch in front of other inmates. This past act of Defendant provides no basis upon which to award Plaintiff equitable relief in the form of a declaration and/or an injunction. Accordingly, the Court HEREBY RECOMMENDS dismissal of Plaintiff's equitable relief claims from this action.

///

1       This Finding and Recommendation will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with this Finding and Recommendation, the parties may file written
4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5  Finding and Recommendation."  The parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  **Dated:   April 16, 2008**            /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE