**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Dalrick Henry, | ) | No. 1:07-CV-00336-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Eliud Chapa, | ) | |
| Defendant. | ) | |

This is a civil rights action arising out of alleged defamatory statements made by the Defendant corrections officer concerning Plaintiff, an inmate at the Avenal State Prison. Dkt. ##2-2 at 7-10; 9 at 1-6. Plaintiff has filed a motion to strike the affirmative defenses asserted by Defendant in his answer. Dkt. #15; *see* Dkt. #13. The motion has been fully briefed. Dkt. ##17-18. The Court will deny the motion.

Plaintiff contends that Defendant's affirmative defenses are insufficient, impertinent, immaterial, redundant, and/or scandalous. Dkt. #15 at 3-11. While the Court may strike legally insufficient or irrelevant defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[m]otions to strike are viewed negatively because of the limited import of the pleadings under the Federal Rules." *Netflix, Inc. v. Blockbuster, Inc.*, No. C 06-02361 WHA, 2006 WL 2458717, at *8 (N.D. Cal. Aug. 22, 2006). Motions to strike "'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id.* (citation omitted); *see Herriott v. Allied-Signal, Inc.*, No. 91 C 1377, 1991 WL 150045, at *1 (N.D. Ill. July 31, 1991) (motions to strike "are not

1    favored and may be granted only if the defense is patently defective and could not succeed

2    under any set of circumstances"); *Int'l Longshoreman's Assoc. v. Va. Int'l Terminals, Inc.*,

3    904 F. Supp. 500, 504 (E.D. Va. 1995) ("even a properly made motion to strike is a drastic

4    remedy which is disfavored by the courts and infrequently granted"); *see also Bates v.*

5    *Oregon-American Lumber Co.*, 295 F. 1, 5 (9th Cir. 1924) ("At any stage of a trial, to strike

6    evidence for mere insufficiency is not commendable practice, and to strike it before the party

7    aggrieved has concluded his case, before it is obvious that he cannot supply any deficiency,

8    is premature.").

9    The Court cannot conclude at this early stage of the litigation that Defendant will not

10   be able to present evidence sufficient to support his affirmative defenses.  Plaintiff himself

11   acknowledges that the evidence "will become more clear as discovery proceeds."  Dkt. #18

12   at 2.  The Court will deny the motion to strike as premature.  *See Herriott*, 1991 WL 150045,

13   at *2 (denying motion to strike as premature where questions of law and fact still existed in

14   the case).

15   **IT IS ORDERED** that Plaintiff's motion to strike affirmative defenses (Dkt. #15) is

16   **denied**.

17   DATED this 20th day of February, 2009.

18

19

20   _____

21   David G. Campbell
     United States District Judge

22

23

24

25

26

27

28