**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dalrick Henry, | No. 1:07-CV-00336-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Eliud Chapa, | |
| Defendant. | |

Plaintiff, a pro se litigant, has filed a motion to compel discovery of documents. Dkt. #19. Defendant has filed a brief in opposition. Dkt. #20. The Court will deny the motion.

**I.     Background.**

This is a civil rights action arising out of alleged defamatory statements made by the Defendant corrections officer concerning Plaintiff, an inmate at the Avenal State Prison. Dkt. ##2-2 at 7-10; 9 at 1-6. On June 8, 2008, Plaintiff requested discovery of (1) records related to any grievances or complaints concerning Defendant, (2) documentation of Defendant's duties as a corrections officer, (3) records of any violations of Defendant's duties, and (4) records from prior administrative investigations and hearings concerning the alleged defamatory statements. Dkt. #19 at 9-10. Defendant complied in large part with Plaintiff's request, but withheld documents concerning the natural death of another inmate on the basis of various privileges, including medical privacy. *See* Dkt. ##19 at 18 ("Privilege

Log"); 20 at 2. Plaintiff contends that discovery of these documents will show a pattern of conduct relevant to his claim that Defendant made negligent, defamatory statements about Plaintiff, exposing him to assault by other inmates. Dkt. #19 at 4-6. Defendant argues that "[b]ecause there are no similarities between Plaintiff's allegations against Defendant and the cause of death [of the other inmate]," the documents that Plaintiff seeks are irrelevant.[1] Dkt. #20 at 2-3.

## II.   Discussion.

The Court must construe the motion to compel discovery liberally because Plaintiff is proceeding pro se. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted); *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) ("[W]e have a 'duty . . . to construe pro se pleadings liberally.'") (citations omitted); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citation omitted); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt.") (citation omitted).

A party may bring a motion to compel discovery when another party has failed to respond adequately to a discovery request. *See* Fed. R. Civ. P. 37(a)(3). Rule 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, for purposes of discovery, relevant information encompass any matter "that bears on, or that reasonably could lead to other matter that could bear on, any issue that

---

[1] Defendant does not raise a privilege argument in his opposition brief. The Court will therefore confine its analysis to the issue of relevancy.

1 is or may be in the case." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52
2 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).  For purposes of trial, relevant
3 evidence is that which has "*any* tendency to make the existence of any fact that is of
4 consequence to the determination of the action more probable or less probable than it would
5 be without the evidence." Fed. R. Evid. 401 (emphasis added).

6 Apart from stating that "Plaintiff seeks information [in the documents regarding the
7 other inmate's death] about Defendant Chapa's conduct to show the pattern as a foundation"
8 (Dkt. #19 at 5-6), Plaintiff does not explain how these documents are relevant to his claims.
9 Nor can the Court conceive of how documentation concerning the death of an inmate due to
10 natural causes might bear on any issue in Plaintiff's claims for defamation.[2]  Even assuming
11 *arguendo* that Defendant's conduct somehow contributed to the natural death of an inmate,
12 it is unclear how that conduct might establish a "pattern" culminating in defamatory remarks
13 about Plaintiff.  Because Plaintiff has not shown the relevancy of the requested documents,
14 his motion to compel will be denied.

15 **IT IS ORDERED** that Plaintiff's motion to compel discovery of documents
16 (Dkt #19) is **denied**.

17 DATED this 6th day of March, 2009.

David G. Campbell
United States District Judge

---

[2] Additionally, the Court observes that the documents identified in Defendant's privilege log (Dkt. #19 at 18) seem unrelated to any grievances or complaints against Defendant, Defendant's duties, violations of those duties, or the alleged defamation at issue in this action.  Therefore, they appear to be outside the scope of Plaintiff's June 8, 2008 discovery request.  *See* Dkt. #19 at 1-2.