**WO**

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dalrick Henry, ) | No. 1:07-CV-00336-DGC |
| ) Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Eliud Chapa, ) | |
| ) Defendant. ) | |

Plaintiff Dalrick Henry, currently incarcerated in Avenal State Prison, brought a complaint against Defendant Correctional Officer Eliud Chapa. Plaintiff alleges claims for defamation, negligence, and violation of 42 U.S.C. § 1983. Dkt. #9. Defendant has filed a motion for summary judgment on all claims. Dkt. #24. The motion is fully briefed. Dkt. ## 30, 33. For the reasons that follow, the Court will grant in part and deny in part the motion for summary judgment.

**I.     Background.**

Before Plaintiff's current incarceration in Avenal State Prison, Plaintiff was incarcerated at Ironwood State Prison. While participating in a welding class at Ironwood, Plaintiff witnessed another inmate throw 25-30 welding rods over a fence. Plaintiff informed his welding instructor of the theft. As a result, California Department of Corrections and Rehabilitation staff moved Plaintiff from Ironwood.

On June 29, 2006, while incarcerated at Avenal State Prison, Plaintiff alleges that Defendant pointed to Plaintiff and stated to other inmates "be careful what you say and do around this inmate because he is a snitch and he will tell." Dkt. #29 ¶ 9. On January 20,

2007, Plaintiff was assaulted by another inmate on the yard. As the inmate attacked Plaintiff, the attacker stated "you are a snitch and a Crip don't want a snitch on the yard." Dkt. #32 at 82. Plaintiff suffered bruises, scratches, a blood hemorrhage in his left eye, and several blows to the head with a clenched fist. Dkt. ## 31 at 9, 32 at 42.

**II.     Legal standard.**

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Section 1983 claim.**

**A.     Legal standard.**

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Where conditions of confinement are at issue, the Supreme Court has held that a prison official violates the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id*. (quoting *Wilson*, 501 U.S. at 297). "In prison-condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 302-303).

1    In describing the state of mind necessary for "deliberate indifference," the Supreme
2 Court has held that a prison official must disregard "a risk of harm of which he is aware."
3 *Id*. at 837.  "[A] prison official cannot be found liable under the Eighth Amendment for
4 denying an inmate humane conditions of confinement unless the official knows of and
5 disregards an excessive risk to inmate health or safety; the official must both be aware of
6 facts from which the inference could be drawn that a substantial risk of serious harm exists,
7 and he must also draw the inference." *Id*.

**B.    Analysis.**

Defendant argues that Plaintiff's § 1983 claim should be dismissed because (1) Defendant did not have specific information concerning Plaintiff that would lead him to believe that calling Plaintiff a snitch would place him in a substantial risk of serious harm, (2) Defendant's state of mind did not constitute "deliberate indifference," (3) Plaintiff is collaterally estopped from asserting that Defendant called him a snitch and that Plaintiff was assaulted because he was called a snitch, and (4) qualified immunity protects Defendant from liability. Dkt. #24.

**1.    Specific information.**

Defendant asserts that Plaintiff must show that Defendant had "specific information" concerning Plaintiff that would lead him to believe that calling Plaintiff a snitch would place him in substantial risk of serious harm. Dkt. #24-2 at 8. The case law cited by Defendant for this proposition simply states that a claim under § 1983 cannot solely be predicated upon the fact that correctional institutions are violent places. *Id.* (citing *Weiss v. Cooley*, 230 F.3d 1027, 1032-33 (7th Cir. 2000)). Contrary to Defendant's argument, however, Plaintiff's claim is not premised on a general risk of violence in prison. Plaintiff argues that labeling a particular inmate as a snitch places that inmate in substantial risk of serious harm due to the reaction other inmates will have to an informant in their midst. The risk of substantial harm arises not from the general violence in the prison, but specifically from labeling a particular inmate as a snitch within an environment hostile to informants. *See Farmer*, 511 U.S. at 837.

### 2. Deliberate indifference.

Defendant argues that he did not have the requisite culpable state of mind for liability under § 1983. Dkt. #24-2 at 9. Defendant again relies on the argument that he did not have any specific information that other inmates would harm Plaintiff if Defendant labeled Plaintiff a snitch. *Id.* As discussed above, in order to show that Defendant acted with deliberate indifference, Plaintiff must show that Defendant knew of and disregarded an excessive risk to Plaintiff's health or safety. *See Farmer*, 511 U.S. at 837. Plaintiff must demonstrate that Defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that Defendant also drew the inference. *Id.* The requisite knowledge of a substantial risk is a question of fact that may be demonstrated by inference from circumstantial evidence. *Id.* at 842. In fact, "a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* The Court cannot say as a matter of law that a reasonable jury could not find that Defendant knew of and disregarded a substantial risk to Plaintiff's health or safety based on the obviousness of the threat to inmate safety posed by labeling an inmate as a snitch.

### 3. Collateral estoppel.

Defendant contends that Plaintiff is collaterally estopped both from asserting that Defendant called Plaintiff a snitch and for asserting that Plaintiff was attacked because Defendant called him a snitch. Dkt. #24-2 at 10. Plaintiff a snitch, Plaintiff filed an Inmate/Parolee Appeal form (CDC 602) – a form used by inmates to file complaints about the terms of their incarceration. *Id.* at 11. After an initial determination that resulted in the discipline of Defendant by the California Department of Corrections and Rehabilitation, Defendant appealed and the State Personnel Board ruled in Defendant's favor. *Id.* at 11-12.

The Court first notes that inmates are usually required to exhaust their administrative remedies before the Court may grant relief. Defendant does not cite and the Court has not found case law in which a court applied the doctrine of collateral estoppel to issues raised during the administrative process. Furthermore, even if the Court were to apply the doctrine to the claims in this case, Plaintiff alleges and Defendant does not dispute that Plaintiff was

1   not given the opportunity to present evidence including witnesses or declarations. Dkt. ## 31
2   at 19, 33. Under California law, collateral estoppel precludes relitigation of issues where:
3   (1) the issue sought to be precluded is identical to that decided in a former proceeding, (2) the
4   issue was actually litigated in the former proceeding, (3) the issue was necessarily decided
5   in the former proceeding, (4) the decision in the former proceeding was final and on the
6   merits, and (5) the party against whom preclusion is sought is the same as the party in the
7   former proceeding. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (Cal. Ct. App. 1990). If
8   Plaintiff was not given the opportunity to present significant evidence, the issues involved
9   in the administrative proceedings were not actually litigated and the doctrine of collateral
10  estoppel does not apply.

**4.     Qualified immunity.**

12  Defendant argues that qualified immunity bars liability for Plaintiff's § 1983 claim.
13  Dkt. #24-2 at 12. In determining whether a state actor is entitled to qualified immunity, the
14  Court first asks whether Plaintiff has made a *prima facie* showing that Defendant violated
15  Plaintiff's constitutional rights. *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001);
16  *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the facts alleged show a constitutional
17  violation, the Court next determines whether the law was clearly established. *Saucier*, 533
18  U.S. at 201. Finally, if the law was clearly established, yet based on the circumstances, the
19  state actor made a mistake regarding what the law required, the officer will be entitled to
20  immunity if the mistake was reasonable. *Id.* at 205.

21  Defendant argues that Plaintiff has failed to make a prima facie showing that
22  Defendant violated his rights, and even if there was a violation that the law was not clearly
23  established. Dkt. #24-2 at 13-14. Defendant first asserts that he had no reason to believe that
24  calling Plaintiff a snitch would place Plaintiff in harm's way. *Id.* at 14. As discussed above,
25  a reasonable fact finder could infer that Defendant had the requisite knowledge based on

obviousness.[1] Taking the facts in the light most favorable to Plaintiff, Defendant violated Plaintiff's constitutional rights. *Saucier*, 533 U.S. at 201.

Defendant also contends that there is no law which clearly establishes that calling an inmate a snitch is a per se violation of the Eighth Amendment. Dkt. #24-2 at 14. Defendant construes this aspect of the qualified immunity test too narrowly. At the time of the offense the law was clearly established that a prison official violates the Eighth Amendment when the official acts with deliberate indifference to inmate health or safety and a sufficiently serious harm results. *See Farmer*, 511 U.S. at 834. Defendant insists that he had a legitimate and reasonable purpose for engaging in banter with the inmates – to gauge their stress levels. A reasonable jury could conclude, however, that Defendant was not reasonably mistaken in calling Plaintiff a snitch in front of other inmates.

**IV.     Negligence claim.**

Defendant's arguments with regard to Plaintiff's claim for negligence are based entirely on the doctrine of collateral estoppel. Dkt. #24-2 at 15-16. As discussed above, the Court finds that Plaintiff did not have an opportunity to litigate these issues fully before the State Personnel Board.

**V.      Defamation claim.**

Finally, Defendant argues that Plaintiff's defamation claim must fail because factual truth is an absolute defense to defamation. *Id.* at 14-15. Defamation is an invasion of the interest in reputation and "involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (Cal. Ct. App. 1999). In all defamation cases "the truth of the offensive statements or communication is a complete defense against civil

---

[1] Defendant asserts that he offered Plaintiff protective custody, but Plaintiff refused. Dkt. #24-2 at 14. Plaintiff insists that he was never offered protective custody. Dkt. #32 at 4. On a motion for summary judgment, disputed facts are construed in favor of Plaintiff. *KRL v. Estate of Moore*, 512 F.3d 1184, 1189 (9th Cir. 2008).

liability, regardless of bad faith or malicious purpose." *Id.* at 646. The defendant must show the truth of the statements. Id.

Defendant argues that Plaintiff's claim for defamation must fail because Defendant's statement that Plaintiff is a snitch is substantially true. *See id.* Plaintiff admits that he told the welding instructor that he observed another inmate throwing welding rods over the fence, but contends that he should not be deemed a snitch for doing what was expected of him and following a direct order from the welding class safety manual. Dkt. #31 at 28. The Court does not disagree that Plaintiff was doing what was required of him when he informed his welding instructor of the theft. "However, the defendant need not justify the literal truth of every word of the allegedly defamatory matter. It is sufficient if the defendant proves true the substance of the charge, irrespective of slight inaccuracy in the details, so long as the imputation is substantially true so as to justify the 'gist or sting' of the remark." *Smith*, 72 Cal. App. 4th at 646-47 (internal quotation omitted).

While Plaintiff's conduct may not merit the negative connotation found in the word "snitch," Plaintiff did in fact inform on another inmate. *See* Merriam-Webster's Online Dictionary, http://www.merriam-webster.com (defining snitch as to inform or tattle). Plaintiff's conduct in informing on another inmate, despite Plaintiff's valid purpose for doing so, does substantially comply with the definition of the word "snitch." Defendant, therefore, has shown that his statement was substantially true, barring liability for defamation.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. #24) is **granted** with respect to Plaintiff's defamation claim and **denied** with respect to all other claims.
2. The Court will set a final pretrial conference by separate order.

DATED this 19th day of June, 2009.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge

- 7 -