**WO**

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dalrick Henry, | No. 1:07-CV-00336-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Eliud Chapa, | |
| Defendant. | |

The Court scheduled a Final Pretrial Conference to be held telephonically on December 4, 2009. Dkt. #36. The first paragraph of the Court's Order setting the Final Pretrial Conference directed counsel for Defendant to initiate the conference call to include Plaintiff and the Court. Counsel for Defendant did not do so. As a result, the conference could not be held.

This was not the only failing of counsel for Defendant. The order setting the Final Pretrial Conference specifically directed counsel for Defendant to prepare a draft of the Proposed Final Pretrial Order to include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov. Counsel for Defendant did not do so, but instead used some other form of joint pretrial statement. As a result, the proposed Joint Pretrial Statement prepared by the parties did not include the information required by the Court. There was no listing of issues to be decided at trial, no statement of the parties' positions on those issues, no listing of objections to evidence, no discussion of depositions

to be used at trial, no discussion of procedures for expediting trial, no estimate of the trial length, and none of the certifications that the Court requires to be included.

Nor did counsel for Defendant comply with other portions of the Court's Order setting Final Pretrial Conference. The parties did not provide a stipulated description of the case, a jointly prepared set of voir dire questions, proposed jury instructions in accordance with the "Guidelines for Jury Instructions in Civil Cases" as found at www.azd.uscourts.gov, and a proposed verdict form. Each of these steps was required by the Court's Order Setting Final Pretrial Conference. Dkt. #36.

Thus, even if the final pretrial conference had been held, the Court was prepared to direct the parties to start over again and comply in full with the Court's order. Dkt. #36. Until the parties do so, the Court cannot adequately prepare for trial. The Court will again order the parties to prepare fully. This time, the Court expects full compliance.

**IT IS ORDERED:**

1. A final pretrial conference shall be held telephonically on **January 15, 2010 at 4:00 p.m. (Mountain Time)**.

2. Counsel for Defendant shall initiate a conference call to include Plaintiff and the Court at the time set for the Final Pretrial Conference.

3. Counsel for Defendant shall prepare a draft Proposed Final Pretrial Order and submit it to Plaintiff for review no later than **December 18, 2009**. Plaintiff shall review the Proposed Final Pretrial Order and provide counsel for Defendant with his/her revisions no later than **January 8, 2010**. Counsel for Defendant shall lodge the Proposed Final Pretrial Order with the Court no later than **January 12, 2010 at 4:00 p.m.**

4. The Proposed Final Pretrial Order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under: (1) Judges and Courtroom, (2) Orders, Forms and Procedures, (3) Judge Campbell.

5. No later than **January 13, 2010 at 4:00 p.m.**, the parties shall comply with all other aspects of the Order Setting Final Pretrial Conference previously issued by the Court. Dkt. #36. In addition to the requirements in the Court's form, the parties shall address what

courtroom security procedures shall be in place. Specifically, because Plaintiff is in custody, the parties shall address how courtroom security shall be maintained without unduly compromising Plaintiff's position before the jury.

6. Defendant's motions in limine (Dkt. #45) does not comply with the Court's Order Setting Final Pretrial Conference. *See* Dkt. #36, ¶ 6. The motion is **denied**. Counsel may refile motions in limine that comply with Dkt. #36, ¶ 6, no later than **December 18, 2009**. Responses to motions in limine shall be filed on or before **January 13, 2010.** If counsel seek to have the Court preclude specific evidence, the evidence shall be precisely identified in the motions. If the evidence includes documents or exhibits, copies of the documents or exhibits shall be provided with each motion.

7. Because Plaintiff is proceeding pro se, the Court places the primary burden of complying with these requirements on counsel for Defendant.

DATED this 7th day of December, 2009.

_____
David G. Campbell
United States District Judge