1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

8

**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

Dalrick Henry,                                    )        No. 1:07-CV-00336-DGC

10                                                         )

            Plaintiff,                          )        **ORDER SETTING TRIAL**

11                                                        )

vs.                                                       )

12                                                        )

Eliud Chapa,                                      )

13                                                        )

            Defendant.                      )

14  _____)

15        A Final Pretrial Conference was held on January 15, 2010.  Pro se Plaintiff and

16  counsel for Defendant participated by telephone.  On the basis of the parties' written

17  submissions and the hearing,

18        **IT IS HEREBY ORDERED:**

19        1.        Trial in this matter shall begin on **May 18, 2010, at 9:00 a.m.** in **Courtroom 1**

20  **(8th Floor), 2500 Tulare Street, Room 1501, Fresno, CA 93721**.

21        2.        The trial shall last **4** days (May 18-21, 2010).  Plaintiff shall be allotted **9** hours

22  of trial time and Defendant shall be allotted **9** hours of trial time.  The Court will keep track

23  of each side's time.   Opening and closing statements, direct examination, and cross-

24  examination shall be counted against the parties' allotted time.

25        3.        A final conference shall be held on **May 17, 2010 at 10:00 a.m., Courtroom 1**

26  **(8th Floor), 2500 Tulare Street, Room 1501, Fresno, CA 93721**.

27        4.        The parties' proposed final pretrial order was approved by the Court as the

28  final pretrial order in this case.  The order shall govern the presentation of evidence and other

trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

5.      The Court addressed Defendant's motions in limine. Dkt. #57. The Court concluded that motions 1 through 3 could not be decided without the Court reviewing the exhibits to which they apply. The Court also concluded that Plaintiff should be afforded time to review the Federal Rules of Evidence, particularly the rules concerning hearsay, before the Court rules.  Motions 1 through 3 will be addressed at the hearing to be held on **May 17, 2010**.

6.      In response to motion 4, Plaintiff withdrew Exhibits 11, 12, and 13.  As a result, motion 4 is **moot** and need not be decided by the Court.

7.      During the final pretrial conference, Plaintiff moved to limit or exclude the testimony of Lt. J. L. Hill, arguing that he was an officer who addressed the disciplinary issues raised by this incident and therefore has no relevant knowledge to share at trial. Defense counsel responded that Lt. Hill will testify about the investigation into the injury-causing altercation. The Court concluded that it did not have enough information to rule at this time and therefore **denied** Plaintiff's motion.  Plaintiff may renew his objection to Lt. Hill's testimony during trial.

8.      The Court will issue an order calling for the United States Marshal's Service to serve Plaintiff's trial subpoenas. Plaintiff will be required to provide accurate addresses for his trial witnesses. The Court will enter a separate order addressing this subject and explaining the steps Plaintiff must take in order to have the subpoenas served.

9.      The parties identified some deposition designations in the proposed final pretrial order. The parties also indicated, however, that each of the witnesses mentioned in the depositions will likely be a witness at trial. If the witnesses appear at trial, their depositions will not be presented to the jury, but may be used during cross-examination.  If

one or more of the witnesses is not available at trial, the Court at that time will address what portion of the deposition should be presented to the jury.

10.     The Court directed defense counsel to send to Plaintiff a second copy of the proposed final pretrial order and related materials.  These should be sent in approximately two weeks, after Plaintiff presumably has been returned from the facility where he is now housed for the purposes of the mediation.

11.     During the initial portion of the Final Pretrial Conference, attorney Christopher Watters participated.  Attorney Watters has been appointed for the limited purpose of assisting Plaintiff during the mediation to be held on January 21, 2010.  A copy of this order will be provided to Attorney Watters.

12.     The Court discussed with the parties what security measures will be necessary during trial.  Plaintiff was not familiar with the procedures that will be required by the California Department of Corrections.  The Court agreed that these matters will be addressed during the conference on May 17, 2010.

14.     Attached to this Order are the Court's proposed voir dire questions.  These questions will be discussed during the conference to be held on May 17, 2010.

15.     Attached to this Order are the Court's proposed preliminary jury instructions to be given at the beginning of trial.  These instructions will also be addressed at the May 17, 2010 conference.

DATED this 26th day of January, 2010.

_____
David G. Campbell
United States District Judge

cc:     Christopher Watters

- 3 -

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Dalrick Henry,         )
                              )
            Plaintiff,       )     No.  1:07-CV-00336 DGC PC
                              )
         v.               )
                              )
Eliud Chapa,         )
                              )
           Defendant.    )
                              )
_____)

**COURT'S PRELIMINARY JURY INSTRUCTIONS**
**AND VOIR DIRE**

Dated: January 15, 2010

_____
David G. Campbell
United States District Judge

### 1.1B  DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Dalrick Henry is a state prisoner in the custody of the California Department of Corrections.  He is representing himself in this case.  He is asserting claims pursuant to 42 U.S.C. § 1983 and California tort law.  Defendant Eliud Chapa is a correctional officer in the California Department of Corrections.  He is represented by attorney J.R. Oviedo.

Plaintiff Dalrick Henry alleges that on June 29, 2006, defendant Eliud Chapa, a correctional officer at Avenal State Prison, violated his rights under federal and state law by calling him a "snitch" in front of other inmates.  Plaintiff Dalrick Henry alleges that Defendant Eliud Chapa's actions violated his Eighth Amendment Right against cruel and unusual punishment and were negligent.  Plaintiff alleges that he was physically assaulted by another inmate as a result of defendant's comment.  Plaintiff Dalrick Henry is seeking money damages in this action.  Defendant Eliud Chapa denies all liability and disputes the nature and extent of Plaintiff's injuries.

### 1.3  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**1.4 BURDEN OF PROOF -- CLEAR AND CONVINCING EVIDENCE**


When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.


You should base your decision on all of the evidence, regardless of which party presented it.

## 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## 1.12  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## 1.13  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## 1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.   No one will read your notes.   They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.   The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.   I may not always grant an attorney's request for a conference.   Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.19  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

## 2.1  STIPULATED TESTIMONY

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## 2.8  IMPEACHMENT EVIDENCE -- WITNESS

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## 2.10 USE OF INTERROGATORIES OF A PARTY

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## 2.11  EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## 2.13  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## CIVIL VOIR DIRE QUESTIONS

1.      Read statement of the case.

   •      Have any of you read or heard anything about this case from any source whatsoever?

   •      Given this brief description of the facts, is there anything about this case that would cause you to believe that you could not consider the evidence fairly and impartially according to the law?

2.      Introduce self and staff: Lisa Richter, Tricia Lyons, Jeff Kilmark, Lindsay Heyen, and Nancy Johnson Outley.  Do any of you know me or any member of my staff on any basis, social, professional or otherwise?

3.      The Plaintiff is appearing pro se.

   •      Do any of you know Plaintiff?

4.      The defendant is represented by Ovidio Oviedo of the law firm of Oviedo Tookoian. Counsel please stand.

   •      Do any of you know the Defendant's counsel or any employees of his office on any basis, social, professional or otherwise?

   •      Counsel, please introduce your client and those present at the counsel table. Do any of you know these individuals on any basis, social, professional, or otherwise?

5.     The witnesses who may be called during this trial are: (<u>See Witness Tab</u>):

•     Do any of you know or think you might know any of these witnesses?

6.     Do any of you have strong feelings either for or against a party who brings a lawsuit?

7.     This is a civil case which is to be decided by the preponderance of the evidence.  This is different from a criminal case where the government has to prove its case beyond a reasonable doubt.  Does anyone have a problem applying a lower burden of proof than used in a criminal case?

8.     Have any of you or members of your family been a party or witness in any litigation (excluding domestic relations, traffic, or probate)?

9.     Do any of you or any of the members of your family have any legal training?

10.    Have you or any members of your family ever been convicted of a felony?

11.    Have you or any member of your family ever held any job in (a) a law enforcement agency, (b) any government agency, (c) the state or local police, (d) the FBI, (e) a private detective or security guard agency?

12.    Do you know anyone who was or is employed by or in any way connected with the California Department of Corrections and Rehabilitation?

13.    Do you know anyone who was or is employed by or in any way connected with Avenal State Prison?

14.    Do you know anyone, including your neighbor, friends, co-workers or relatives, who worked in a jail or prison or as a parole or probation officer?

15.    Would any of you be prejudiced for or against the Defendant because he is employed

2

as a correctional officer?

16.    Would any of you be prejudiced for or against the Plaintiff because he is an inmate at Avenal State Prison?

17.    In this case you may hear testimony from medical doctors and psychiatrists.  Have you ever had any experience with either doctors or psychiatrists which affected you in some way so that you could not be an impartial juror in a case involving such testimony?

18.    Have you ever been inside a jail or prison?  If so, under what circumstances?

19.    Do you have any opinions concerning Avenal State Prison that could affect your fairness as a juror?

20.    Do you belong to any social clubs or organizations that bar membership to some individuals based on their race or ethnic origin?

21.    Do you know anyone who has been in prison?

- What is your relationship with that person?

- What was that person imprisoned for?

- How long was the sentence?

- Would your relationship or discussions with that person have any effect on your ability to serve as a fair and impartial juror?

22.    Some of the participants in this trial are ethnic minorities.  Would that fact have any effect on your ability to serve as a fair and impartial juror?

23.    I will instruct you to consider the credibility of all witnesses in this trial using the

3

same standards.   Would the fact that Plaintiff is an inmate or Defendant is a correctional officer make it difficult for you to evaluate their testimony fairly or impartially?

24.   I will instruct you on the law at the conclusion of the case.  If selected as a juror, you will take an oath to follow the law.  Do any of you think you would have trouble following the law if you disagree with it?

25.   Ladies and gentlemen, we recognize that jury service is probably an inconvenience for you, taking you away from your jobs and families and disrupting your daily routine. Jury service is, however, one of the most important duties that citizens of this country can perform.   For this reason, from time to time we ask citizens to make sacrifices and serve on juries, even when inconvenient.   Prospective jurors can be excused from jury service if the length of the trial or the daily schedule would impose undue hardship.   By undue hardship I mean more than inconvenience – I mean genuine hardship that would be experienced by you or your family.   This case is expected to last ___ days.  Would the length of the trial create an undue hardship for any of you?

26.     I expect to conduct trial on these dates and times:

        _____

        _____

        _____

        _____

        Would this schedule create an undue hardship for any of you?

27.     Do any of you have any other reason whatsoever, such as a physical difficulty, a

        health problem or home problems that might interfere with your serving as a fair and

        impartial juror in this case?

28.     We have handed you a sheet with 10 separate questions.  Please stand and answer the

        questions.  The last question asks about your prior jury service. With respect to any

        juries on which you have served, please indicate the nature of the case and the

        outcome of the trial.

29.     Did any of you know each other before this morning?

30.     If there are any matters that you would rather discuss privately that may affect your

        ability to be a fair and impartial juror, please let the Court know.

1.      Juror Number

2.      The general location of your residence

3.      Length of time at current residence

4.      Education after high school, if any.  State your major

5.      Marital status

6.      Number of children.  Ages of children if under 18

7.      Employment

         A.      Yourself – current job and types of jobs throughout lifetime

         B.      Spouse – current job and types of jobs throughout lifetime

8.      Civil, social, fraternal, union or professional organizations.  Offices held in them

9.      Hobbies or recreational activities

10.    Prior jury service – civil or criminal